IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**FILED**

**OCT 12 2000**

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 00-D-920-N |
| | : | |
| SIXTY THOUSAND AND 00/100 | : | |
| DOLLARS ($60,000.00) IN | : | |
| UNITED STATES CURRENCY, | : | |
| | : | |
| DEFENDANT. | : | |

<u>DECREE OF FORFEITURE</u>

On July 12, 2000, a Verified Complaint for Forfeiture <u>In Rem</u> against the Defendant currency was filed on behalf of the United States of America. The Complaint alleges that the Defendant currency was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substance, or was used or intended to be used to facilitate the commission of a violation of Title II of the Controlled Substances Act, Title 21, *United States Code*, Sections 801 <u>et seq.</u>; and, therefore, it is subject to forfeiture to the United States pursuant to Title 21, *United States Code*, Section 881(a)(6).

It appearing that process was fully issued in this action and returned according to law;

**EOD**  10-12-00

1

That pursuant to a Warrant for Arrest In Rem issued by this Court, the United States Marshals Service for the Middle District of Alabama arrested the Defendant currency on July 24, 2000;

That on August 10, 17, and 24, 2000, notice of this action was published in the Montgomery Advertiser newspaper;

That on August 1, 2000, James Edward Nix was personally served by the United States Marshals Service a copy of the Verified Complaint for Forfeiture In Rem, the Warrant of Arrest In Rem, and Notice of Arrest and Seizure:

That on July 25, 2000, James R. Cooper Jr., attorney for James Nix was personally served by the United States Marshals Service a copy of the Verified Complaint for Forfeiture In Rem, the Warrant of Arrest In Rem, and Notice of Arrest and Seizure

That James Nix filed a claim within the time permitted by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims;

That on October 3, 2000, the United States and James Nix entered into a Stipulation for Compromise Settlement, wherein Thirty Thousand Dollars ($30,000) of the Defendant currency is to be forfeited to the United States and the remaining Thirty Thousand Dollars ($30,000) and the Five Thousand Dollar ($5,000) cost bond filed by James Nix is to be returned to James Nix's attorney, James R. Cooper, Jr.; and,

2

That no other claim or answer has been filed on behalf of any other party.

Now, therefore, on motion of the United States of America for a Decree of Forfeiture and for good cause otherwise shown, it is hereby:

ORDERED, ADJUDGED, AND DECREED:

that Thirty Thousand Dollars ($30,000) of the Defendant currency be forfeited to the United States of America and no right, title or interest in the Thirty Thousand Dollars ($30,000) shall exist in any other party and shall be disposed of according to law;

that the United States Marshals Service will return the remaining Thirty Thousand Dollars ($30,000) of the Defendant currency and the Five Thousand Dollar ($5,000) Cost Bond to James Nix's attorney James R. Cooper, Jr;

that each party will bear its own costs.

DONE this the _12th_ day of _October_____, 2000.


_____
UNITED STATES DISTRICT JUDGE

3

## CIVIL APPEALS CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:
   **Appeals from Final Orders Pursuant to 28 U.S.C. § 1291:** Only final judgments for orders of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. § 158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P. 5.1, 28 U.S.C. § 636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893 (1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289 (1988); Budinich v. Becton, 485 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

   **Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5:** The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   **Appeals Pursuant to 28 U.S.C. § 1929(a):** Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." This statute does not permit appeals from temporary restraining orders.

   **Appeals pursuant to Judicially Created Exceptions to the Finality Rule:** These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988)

2. **Time for Filing:** To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   **FRAP 4(a)(1):** The notice of appeal required by FRAP 3 "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry . . ." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   **FRAP 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   **FRAP 4(a)(5) and FRAP 4(a)(6):** The district court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   **FRAP 4(c):** "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or be a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. **Format of Notice of Appeal:** Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c).
   A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable . . ." (FRAP 3(b))

4. **Effect of Notice of Appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4)